UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT McDONNELL,                  )
                                   )   No. CV-11-5058-CI
        Plaintiff,                 )
                                   )   ORDER GRANTING DEFENDANT'S
v.                                 )   MOTION FOR SUMMARY JUDGMENT
                                   )
MICHAEL J. ASTRUE, Commissioner    )
of Social Security,                )
                                   )
        Defendant.                 )
                                   )
_____    )

     BEFORE THE COURT are cross-Motions for Summary Judgment.  ECF
No. 19, 26.  Attorney Lora Lee Stover represents Robert McDonnell
(Plaintiff); Special Assistant United States Attorney Michael S.
Howard represents the Commissioner of Social Security (Defendant).
The parties have consented to proceed before a magistrate judge.
ECF No. 6.  After reviewing the administrative record and briefs
filed by the parties, the court **GRANTS** Defendant's Motion for
Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

     On October 15, 2007, Plaintiff protectively filed an
application for supplemental security income, alleging disability
beginning November 1, 2006.  Tr. 14; 109.  In his application for
benefits, Plaintiff reported that he stopped working due to back
injury, and "many mental disabilities," which he listed as

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

Attention Deficit Hyperactivity Disorder, panic disorder with agoraphobia, borderline narcissistic traits, Post Traumatic Stress Disorder, Depression, and polysubstance abuse. Tr. 150. Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ).   Tr. 61-95.  A hearing was held on July 24, 2009, at which Medical experts Arthur Lorber, M.D., and Margaret Moore, Ph.D., and Plaintiff, who was represented by counsel, testified.   Tr. 31-56.   ALJ R.J. Payne presided.  Tr. 31.  The ALJ denied benefits on August 10, 2009.  Tr. 14-22.   The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  At the time of the hearing, Plaintiff was 45 years old and living on his parents property in a fifth-wheel trailer in Elk, Washington.  Tr. 46; 587. He has an eleventh grade education and has worked for short periods as a truck driver, a janitor and as a prep cook.   Tr. 586. Plaintiff reported that he had two brief marriages, and he had a teenaged son with whom he had supervised visitation.   Tr. 586. Plaintiff has an extensive legal history, including multiple felonies for crimes related to drug possession and deliveries, a sex offense, assault and burglary.   Tr. 585.

Plaintiff's daily activities include waking up at 6:30 a.m., watching television, reading a book, doing pushups and eating one meal a day.  He also naps during the day.  Tr. 587.

Plaintiff testified the last time he drank alcohol was four months prior to the hearing, and the last time he used cocaine was

at a party about a year prior to the hearing.  Tr. 53-54.

**ADMINISTRATIVE DECISION**

At step one, ALJ Payne found that except for a brief period in 2004, Plaintiff had not engaged in substantial gainful activity since 1992.  Tr. 16.  At step two, he found Plaintiff had the following severe impairments: an affective (bipolar and/or depressive) disorder; an antisocial personality disorder; and a history of polysubstance abuse/dependence, in remission.  Tr. 16. At step three, the ALJ determined Plaintiff's impairments, alone and in combination, and even when including his substance abuse/addiction disorder, did not meet or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).  Tr. 19.  The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the nonexertional mental limitations that he is moderately limited in his ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness, and set realistic goals and make plans independently of others.  Tr. 20.  In his step four findings, the ALJ found Plaintiff's statements regarding pain and limitations were not credible to the extent they were inconsistent with the RFC findings.  Tr. 21.  The ALJ found that Plaintiff had no past relevant work.  Tr. 21.  Finally, the ALJ found considering Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that the Plaintiff can perform.  Tr. 21-22.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

1 | court set out the standard of review:

2 |     A district court's order upholding the Commissioner's
denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
3 | 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
Commissioner may be reversed only if it is not supported
4 | by substantial evidence or if it is based on legal error.
*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
5 | Substantial evidence is defined as being more than a mere
scintilla, but less than a preponderance.  *Id.* at 1098.
6 | Put another way, substantial evidence is such relevant
evidence as a reasonable mind might accept as adequate to
7 | support a conclusion.  *Richardson v. Perales*, 402 U.S.
389, 401 (1971).  If the evidence is susceptible to more
8 | than one rational interpretation, the court may not
substitute its judgment for that of the Commissioner.
9 | *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

10 |

11 |     The ALJ is responsible for determining credibility,
resolving conflicts in medical testimony, and resolving
12 | ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
Cir. 1995).  The ALJ's determinations of law are reviewed
13 | *de novo*, although deference is owed to a reasonable
construction of the applicable statutes. *McNatt v. Apfel*,
14 | 201 F.3d 1084, 1087 (9th Cir. 2000).

15 |     It is the role of the trier of fact, not this court, to resolve

16 | conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

17 | supports more than one rational interpretation, the court may not

18 | substitute its judgment for that of the Commissioner.  *Tackett*, 180

19 | F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

20 | Nevertheless, a decision supported by substantial evidence will

21 | still be set aside if the proper legal standards were not applied in

22 | weighing the evidence and making the decision.  *Brawner v. Secretary

23 | of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If

24 | substantial evidence exists to support the administrative findings,

25 | or if conflicting evidence exists that will support a finding of

26 | either disability or non-disability, the Commissioner's

27 | determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-

28 | 1230 (9th Cir. 1987).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

### SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) and 1382(a)(3)(J); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If evidence of DAA exists and the individual succeeds in proving disability, the Commissioner must determine whether the DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

that the claimant is not disabled, then the claimant is not entitled
to benefits and the analysis terminates.  However, if the ALJ finds
that the claimant is disabled, then the ALJ proceeds and determines
whether the claimant would be disabled if he or she stopped using
alcohol or drugs.

**ISSUES**

Plaintiff alleges that the ALJ erred by improperly weighing the
medical evidence and by failing to obtain vocational expert
testimony.

**DISCUSSION**

**A.   Medical Opinions**

Plaintiff contends that the ALJ erred by rejecting the opinions
of Dr. Islam-Zwart and Dr. Mabee and instead by adopting the opinion
of the testifying medical expert, Margaret Ruth Moore, Ph.D.   ECF
No. 20 at 11.

Contrary to Plaintiff's assertions, these physicians' opinions
do not contradict or undercut the ALJ's determination of Plaintiff's
RFC.   As the ALJ noted, the April 2006, assessment prepared by
Brooke Sjostrom, M.S., L.M.H.C., and adopted by Kayleen Islam-Zwart,
revealed that Plaintiff was overreporting psychopathology on the
MMPI-2 test, and thus his clinical personality inventory was
invalid.  Tr. 16; 21; 360-61.  A MACE test revealed Plaintiff was
purposefully attempting to appear impaired, using deceptive
practices.  Tr. 361.  Plaintiff's diagnoses included malingering,
polysubstance dependence (early full remission), and antisocial
personality disorder.  Tr. 361.  Ms. Sjostrom and Dr. Islam-Zwart
opined that Plaintiff's depressive symptoms were likely related to
Plaintiff's substance dependence diagnosis, and, if after treatment

he continued to complain of depression, he should be reevaluated. Tr. 362.

The ALJ also reviewed the results of the December 2007, evaluation prepared by Ashlie Hagen, M.S., LMHC, and adopted by W. Scott Mabee, Ph.D. Tr. 17; 21. As the ALJ found, the evaluation indicated diagnoses of antisocial personality disorder and rule-out malingering. Tr. 21; 588. Also as the ALJ noted, Plaintiff was examined again on January 12, 2009, by Victoria Carroll, M.S., and the evaluation was adopted by Dr. Mabee. Tr. 21; 656-60. Ms. Carroll also completed a Psychological/Psychiatric Evaluation. Tr. 661-66. On the form, Ms. Carroll indicated Plaintiff had several marked and moderate limitations. Tr. 662-64. Ms. Carroll estimated that Plaintiff's impairments would last a maximum of nine months. Tr. 664. In the narrative report, Ms. Carroll questioned whether Plaintiff was fully engaged in the testing process, and whether he provided sufficient effort. Tr. 658. Plaintiff's MMPI-2 was invalid due to his "overendorsing response style." Tr. 659. Plaintiff's diagnoses included bipolar disorder, cocaine dependence in remission, and antisocial personality disorder.[1] Tr. 659. The ALJ also noted that Ms. Carroll and Dr. Mabee opined Plaintiff's most prominent problems are related to his mood instability and his difficulty in conforming to society norms.[2] Tr. 21; 659.

---

[1]The ALJ stated, "[w]hile bipolar disorder was indicated along with an antisocial personality disorder, this has never been substantiated." Tr. 21.

[2]At the time of the evaluation, Plaintiff was facing 46 months' incarceration. Tr. 659.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

Margaret Moore, Ph.D., testified at the hearing that Plaintiff's medical records raise the issue of malingering, symptom exaggeration, antisocial personality disorder, and substance abuse. Tr. 38-39. Dr. Moore noted a causal link between time periods when Plaintiff complained of severe symptoms with the times Plaintiff was engaging in substance abuse. Tr. 39. Dr. Moore also opined that Plaintiff's activities of daily living impairments were mild both when Plaintiff is sober and when he is under the influence. Tr. 41. Dr. Moore opined that Plaintiff's impairments in social functioning are marked when he is under the influence and moderate when sober. Tr. 42. Finally, Dr. Moore opined Plaintiff's impairment in maintaining concentration, persistence and pace was mild, but she declined to gauge Plaintiff's limits in this category when he is under the influence. Tr. 42.

The ALJ's analysis is based on the correct legal framework and supported by substantial evidence. First, the marked and moderate limitations assessed by Ms. Carroll are clearly contradicted by her narrative and conclusions that Plaintiff is malingering, as well as the multiple conclusions from physicians who diagnosed Plaintiff with malingering, substance abuse issues and personality disorders. A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Where medical reports are inconclusive, questions of credibility and resolution of conflicts in the evidence are functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982), quoting *Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971). Because Ms. Carroll's ratings of Plaintiff's impairments are contrary to her

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

narrative and the bulk of the record, the ALJ properly gave little weight to the check-the-box form.  Additionally, Ms. Carroll opined that Plaintiff's impairments would last only a maximum of nine months, well short of the one-year durational requirement[3] in social security disability cases.  Tr. 664.

Moreover, the record demonstrates that, while Plaintiff may have mental disorders, he has not established his disorders limit his ability to perform work consistent with the residual functional capacity assessed by the ALJ.  The medical record is replete with observations and test results indicating that Plaintiff is malingering, and he has substance abuse issues.  The ALJ properly discounted Plaintiff's credibility based upon the malingering evidence, and performed an analysis of Plaintiff's severity of impairment when he was using drugs and alcohol, and a separate analysis of Plaintiff's severity of impairment when he was sober. Dr. Islam-Zwart and Dr. Mabee's assessments both support the ALJ's conclusion that Plaintiff is not disabled.  Contrary to Plaintiff's arguments, the record does not support more restrictive psychological findings in this case.  The ALJ's RFC determination is in accord with the weight of the record evidence.

---

[3]The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

**B.   Vocational Expert**

Plaintiff argues that the ALJ erred by failing to call a vocational expert to testify because Plaintiff's non-exertional limitations are sufficiently severe to significantly limit the range of work permitted by Plaintiff's exertional limitations.  ECF No. 20 at 11.  The ALJ found that Plaintiff's ability to perform work at all exertional levels has been compromised by certain specific nonexertional limitations, but the limitations have little or no effect on the overall occupational base of unskilled work at all exertional levels.  Tr. 22.  As a result, the ALJ found Plaintiff was not disabled.  Tr. 22.

At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).  The Medical-Vocational Guidelines (Grids) is a matrix system developed by the Commissioner for resolving cases that involve substantially uniform functional capacities.  *Desrosiers v. Sec'y of Health and Human Svcs.*, 846 F.2d 573, 578 (9th Cir. 1988).

The Medical-Vocational Guidelines take notice of approximately 2,500 medium, light and sedentary unskilled jobs.  Where non-exertional limitations would not significantly erode an occupational base, application of the Medical-Vocational Guidelines is appropriate.  *Desrosiers*, 846 F.2d at 577 ("non-exertional limitations do not automatically preclude applications of the grids"); *Razey v. Heckler*, 785 F.2d 1426, 1430 (9th Cir. 1986); *SSR* 83-10.  "Unskilled work" involves simple duties that can be learned

on the job and require little or no judgment. 20 C.F.R. § 416.968; *Terry v. Sullivan*, 903 F.2d 1273, 1276-77 (9th Cir. 1990).    Non-exertional limitations significantly erode the base when they cause a "substantial" loss of the ability to meet the basic requirements of unskilled work.    SSR 85-15.

In Plaintiff's RFC, the ALJ reflected Plaintiff's non-exertional moderate limitations in maintaining socially appropriate behavior, adhering to basic standards of neatness and cleanliness and setting realistic goals and making plans independently.    Tr. 22. The ALJ properly found that these moderate limitations do not significantly erode the unskilled occupational base because none cause a substantial loss in his ability to meet the basic requirements necessary to complete simple duties that require little or no judgment.

Additionally, most, if not all, of Plaintiff's medical records indicate he is malingering.    As a result, this casts doubt on the claimed severity of his limitations.    The ALJ's RFC findings represent a rational interpretation of the record of its entirety and will not be disturbed.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error.    Accordingly,

**IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 26,** is **GRANTED.**

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 19,** is **DENIED.**

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

1    The District Court Executive is directed to file this Order and
2  provide a copy to counsel for Plaintiff and Defendant. Judgment
3  shall be entered for **DEFENDANT** and the file shall be **CLOSED.**
4    DATED January 18, 2013.
5
6                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 12